**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **HUMBERTO SOLIS** | § | |
| | § | |
| **V.** | § | **A-24-CV-01025-RP** |
| | § | |
| **WARDEN ROSALEZ,** | § | |
| **et al.** | § | |

## ORDER

Before the Court are Plaintiff Humberto Solis's Complaint (ECF #1); Plaintiff's more definite statement (ECF #13); and the Motion for Summary Judgment filed by the United States of America (ECF #39). Plaintiff did not file a response thereto. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons discussed below, the Court grants Defendant United States of America's Motion for Summary Judgment.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to *Bivens v. Six Unknown Agents of the Bureau of Narcotics and Dangerous Drugs*, 403 U.S. 388 (1971), Plaintiff was confined in FCI Bastrop. He was subsequently released from prison. Plaintiff seeks an unspecified amount of compensatory and punitive damages.

According to Plaintiff, he uses a wheelchair due to a spinal cord injury resulting in paraplegia. Plaintiff alleges that he was moved to the Special Housing Unit (SHU) within FCI Bastrop in July 2022. According to Plaintiff, the SHU lacked accommodations for wheelchair users, such as ramps, grasp rails, shower chairs, or accessible faucets or showers. Plaintiff alleges, because

of these conditions, FCI Bastrop staff had to manually move him from the hallway to the shower while handcuffed. Plaintiff alleges Defendant Middleton attempted to move Plaintiff into the shower on July 25, 2022, and dropped him. Plaintiff states he was not taken to the medical unit after being dropped. Plaintiff further alleges he experienced a second fall in the shower on July 27, 2022, because he was provided a plastic chair that broke while in the shower. He alleges one or both of these falls broke his rib.

Plaintiff further alleges he notified FCI Bastrop staff on July 28, 2022 and August 10, 2022, he could not safely enter the showers with his wheelchair. On August 30, 2022, a wheelchair ramp was installed in shower number 2. Plaintiff asserts he was offered a shower chair on August 31, 2022, but the chair was incompatible for paraplegia. He further asserts that Defendant Hodges was dismissive of any injuries he may have sustained by the falls. In addition, he asserts Defendant Rosalez made comments regarding inmates "crippled in a wheelchair," which Plaintiff asserts is evidence of retaliation.

Finally, Plaintiff alleges he fell in his cell on October 11, 2022, when transferring from the non-handicap toilet to his wheelchair. He does not allege injuries from this fall. Later that month, Plaintiff was transferred out of the SHU and FCI Bastrop.

After consideration of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement. The Court advised it was uncertain whether Plaintiff alleged Defendants violated his constitutional rights or whether Plaintiff alleged negligence and sought relief under the Federal Tort Claims Act. The Court required Plaintiff to file a more definite response to clarify his claims.

In response, Plaintiff stated he asserts the following:

1.   Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, and Rehabilitation Act (RA) 42 U.S.C. §§ 12101, *et seq.*, claims against Health Services Administrator Hodges in her official and personal capacity;

2.   Constitutional claims against Defendant Rosalez in his official capacity; and

3.   Federal Tort Claims Act (FTCA) claims against the United States of America. *See* 28 U.S.C. §§ 2671, *et seq.*

After consideration of Plaintiff's original complaint and more definite statement, the Court ordered service on the named defendants. The originally named defendants moved to dismiss Plaintiff's claims. The Court granted the motion and dismissed Plaintiff's claims. The Court then ordered the Clerk of Court to add and serve the United States of America as a defendant to address Plaintiff's FTCA claims.

The Government moves for summary judgment. It argues Plaintiff's claim that the prison failed to provide an accommodation for him is barred by the FTCA's discretionary function exception (DFE). It further argues the denial-of-care claim is a constitutional claim for which there is no waiver of immunity. The Government additionally argues Plaintiff's negligence claim is foreclosed by his own medical records, which demonstrate he did not suffer an injury. Finally, the Government asserts any additional claims made by Plaintiff were not properly exhausted because they were not included in Plaintiff's administrative remedy request.

<u>LEGAL STANDARDS</u>

A.   <u>Summary Judgment</u>

A party is entitled to summary judgment if the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ.

P. 56(c); *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  A summary judgment movant must establish every essential element of their claim or affirmative defense. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial.  *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  A dispute as to a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party opposing summary judgment cannot rest on the mere allegations of their pleadings, but instead must identify specific evidence in the record and articulate how that evidence supports their claim.  *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) ("This burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.") (internal quotations omitted).  When deciding whether to grant summary judgment, the court should view the evidence in the light most favorable to the party opposing the motion and indulge all reasonable inferences in favor of that party.  *Rankin v. Klevenhagen*, 5 F.3d 103, 105 (5th Cir. 1993).  However, summary judgment must be granted if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

DISCUSSION AND ANALYSIS

A.    Exhaustion of Administrative Remedies

The FTCA provides that "[a]n action shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a) (emphasis added). The Fifth Circuit has long held that administrative exhaustion is a jurisdictional requisite to filing an FTCA action. *Gregory v. Mitchell*, 634 F.2d 199, 203–04 (5th Cir. 1981).

Plaintiff presented his tort claim to the Bureau of Prisons (BOP) on April 17, 2023. Plaintiff asserted:

> On July 22, 2022, I was placed in ad. seg. at FCI Bastrop and held in a cell without accommodations for my disability (I am paraplegic and confined to a wheelchair). The SHU officer attempted to carry me to facilitate showering, and I was dropped on July 25 and 28, and no attempt was made to assess me [sic] injury. A subsequent trip to the hospital (occasioned by another fall) resulted in an X-ray and an assessment that being dropped on July 25 or 28 resulted in a fractured rib, which did not heal properly due to the denial of medical assessment and care.

The BOP denied Plaintiff's claim on March 27, 2024. Specifically, the BOP explained there was no evidence that Plaintiff suffered any injury due to the negligent act or omission of a BOP employee.

To the extent Plaintiff brings any additional FTCA claims not addressed in his administrative remedy request, they are not exhausted and are dismissed for want of jurisdiction. The Court limits its discussion to the claims Plaintiff properly exhausted.

### B.    Failure to Provide Accommodation

Plaintiff argues the BOP failed to provide him with adequate accommodations for his disability by failing to ensure the showers in the SHU were wheelchair accessible. Plaintiff's claims are barred by sovereign immunity.

The FTCA waives sovereign immunity for some tort suits against the United States, although that waiver is subject to several exceptions. *Gonzalez v. United States*, 851 F.3d 538, 543 (5th Cir. 2017); *United States v. Gaubert*, 499 U.S. 315, 318 n.4 (1991); *see* 28 U.S.C. §§ 1346, 2671–80. Relevant here, the discretionary function exception "preserves the federal government's immunity ... when an employee's acts involve the exercise of judgment or choice." *Gonzalez*, 851 F.3d at 543 (quotation omitted); *see* 28 U.S.C. § 2680(a). This exception applies if "(1) the conduct [is] a matter of choice for the acting employee" and "(2) the judgment [is] of the kind that the discretionary function exception was designed to shield." *Gonzalez*, 851 F.3d at 543–44 (internal quotation marks and citations omitted). If a regulation or policy "leaves it to a federal agency to determine when and how to take action, the agency is not bound to act in a particular manner and the exercise of its authority is discretionary." *Id.* at 544 (quotation omitted).

As explained by the Government, Plaintiff's claim that the BOP failed to accommodate his disability is undercut by the factual allegations in his complaint. Plaintiff states he first asked for handicap accommodations on July 22, 2022. Solis indicates the BOP provided him with a shower chair on July 27, installed a wheelchair ramp on August 30, provided a second shower chair on August 31, and added grab bars and shower rails to the shower where the ramp had been installed on September 8. By Plaintiff's own account, the BOP made significant modifications to

accommodate his disability promptly and made one of the showers in the SHU fully wheelchair accessible within two months of Plaintiff's initial request.

Moreover, Plaintiff does not identify a specific statute, regulation, or policy mandating the BOP to provide specific accommodations for disabled inmates in the SHU. Pursuant to BOP Program Statement 5200.06(10), the decision of whether to provide accommodations, when to provide them, and the nature of those accommodations belongs to the BOP. The decisions implicated by Plaintiff's claims are precisely the type of decisions the DFE was designed to protect. Accordingly, Plaintiff's FTCA claim predicated on the failure to accommodate is dismissed.

C.     Denial of Care

Plaintiff also appears to assert an Eighth Amendment deliberate indifference claim. Plaintiff's claim for an alleged constitutional violation against the United States is barred by the doctrine of sovereign immunity. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (finding there is no direct cause of action for damages against a federal agency because of sovereign immunity). Therefore, the Court lacks jurisdiction over Plaintiff's constitutional claim.

D.     Negligence

In FTCA cases, the federal courts rely on the substantive law of the state where the alleged wrongful acts occurred. *See* 28 U.S.C. § 1346(b)(1); *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir.1995) (en banc). To prove a negligence claim in Texas, a plaintiff must establish (1) the existence of a legal duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013).

Although Plaintiff claims he broke his rib, Plaintiff's medical records refute this allegation. The Government's summary judgment evidence shows Plaintiff was x-rayed on September 9, 2022, after complaining two days earlier about a "cracked rib." The x-ray revealed Plaintiff did not suffer a rib fracture. Because there is no evidence of a rib fracture, Plaintiff's claim fails.

CONCLUSION

To the extent Plaintiff raises any claims against the United States that were not raised in his administrative remedy request, the Court lacks jurisdiction over those claims due to Plaintiff's failure to exhaust his administrative remedies. The Court also lacks jurisdiction over Plaintiff's claim that the BOP failed to provide him an accommodation and that the BOP violated his constitutional rights. Finally, Plaintiff produced no evidence of a rib fracture.

It is therefore **ORDERED** that the Government's Motion for Summary Judgment (ECF #39), filed on January 9, 2026, is **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SIGNED** on March 19, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE